63  515
89  446

EDWARD K. HARDING *vs.* JAMES M. HAGAR.

*A United States license to a firm will not protect the acts of individual members.*

One who has no license from the United States as a commercial broker cannot recover commissions for procuring charters for vessels.

If a firm procure a license to carry on commercial brokerage, this will not authorize an individual member of the partnership to continue the business after the retirement of his associates, without having the license assigned to him in the manner specified by the laws of the United States, but he will be considered as carrying it on without authority, and cannot recover for services rendered in the exercise of that occupation.

ON REPORT.

ASSUMPSIT to recover two and a half per cent. commissions for services in procuring charters from the government, in December, 1864, for the defendant's two ships, the Mayflower and the Ida Lilly, for the transportation of hay. The plaintiff testified that he then resided at Bath, where he carried on a brokerage business —chartering ships and selling hay; that he and his son entered

Harding *v.* Hagar.

into partnership for that purpose, and procured a license from the United States, under the firm name of George E. Harding & Co.; that in July, 1864, his son retired from the business altogether, having never been an active member, but from the beginning all the business was done, and all the bills were paid, by the plaintiff, who continued the business at the same place,—sometimes in the firm name and sometimes in his own,—during the remainder of that year, procuring no new license, and no assignment of the old one. He said he was told by the assistant collector of internal revenue at Bath that one member of a firm who assumed the business, upon dissolution of the partnership, could continue it under the old license, and he accordingly did so.

In December, 1864, he contracted with Mr. Hagar to charter these vessels to the government at $4 per ton per month, and was to have as commission two and a half per cent. of their gross earnings, payable when they were discharged from the service. According to this contract, he claimed $359.60 on account of the Mayflower, and $403.58 on account of the Ida Lilly. The plaintiff then offered in evidence the license to George E. Harding & Co., which was excluded, the presiding justice ruling that the action could not be maintained. If this ruling was correct a nonsuit is to be entered; otherwise the case to stand for trial.

*Tallman & Larrabee*, for the plaintiff.

The license was in fact assigned to the plaintiff with the assets and appliances of the firm upon its dissolution, and the government official was notified of the transfer. But if the license was ineffectual to protect Mr. Harding from the penalties of carrying on business without one, this would not invalidate the contract. This statute operates upon the person and not upon the business. The tax is not laid upon each transaction, but upon the business or calling. The illegality does not attach to every contract, but consists in not paying the tax imposed upon the business. *Larned* v. *Andrews*, 106 Mass., 435, 437.

*N. M. Whitmore* and *W. Gilbert*, for the defendant.

APPLETON, C. J.   The plaintiff is a commercial broker within the act of congress of June 30, 1864.   By § 71 of that act, all persons, firms, companies and corporations are prohibited from carrying on certain trades, business or professions mentioned in the act, including that of commercial broker, under a penalty of fine and imprisonment, as provided by § 73.

It was held in *Harding* v. *Hagar*, 60 Maine, 340, that a commercial broker cannot recover compensation for services rendered without proof that he has the license required by the act.   It was early held, that an action founded upon a violation of the laws of the United States could not be maintained.   *Maybin* v. *Coulon*, 4 Dall., 298.   "It would make prohibitory acts nugatory and of no effect," observes Deady, J.,—in *The Pioneer*, Deady, 72,—"if parties could act and contract in violation of them."   It was held in *Holt* v. *Green*, 74 Penn, 201, that a commercial broker could not recover his commissions unless he had taken a license as required by the act of congress of June 30, 1864.   "The moment he opened his case," observes Mercur, J., in delivering the opinion of the court, "he showed that he was engaged in a business directly contrary to a clear and express act of congress, and that for so doing he was liable to fine and imprisonment.   The intent with which he did it cannot be inquired into in this action.   His right to commissions as shown rested upon his illegal acts.   His right to recover in law must rest upon his legal right to perform his services.   The facts show he had no such right.   Without the aid of his illegal transactions he could not and did not show any services performed.   His case, as he exhibits it, is based upon a clear violation of the statute.   He grounds his action upon that violation.   Thus resting his case, he cannot successfully invoke the aid of the court."   So in England, a person who in London acted as a sworn broker, but who was not qualified to act as such according to the provisions of 6 Anne, 16, could not recover his commissions, though he might his advances.   *Cope* v. *Rowlands*, 2 M. & W., 149.

The license given under §§ 71 and 72 is to persons, associations

of persons, partnerships or corporations. A license to individuals will not protect partnership transactions, though the individuals licensed may be members of the partnership. Neither will a license to a firm protect the several members of the firm in their individual business. The plaintiff has shown no license. The one given to a firm of which he was formerly a member protects the transactions of the firm, but not those of its different members. Nor does the plaintiff bring himself within the provisions of § 75. He must therefore be regarded as acting without a license, and is not entitled to recover. *Nonsuit confirmed.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.